IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KIARA T. IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-119 |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations of the Social | ) | |
| Security Administration, Performing the | ) | |
| Duties and Functions Not Reserved to the | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Kiara T. Ivey appeals the decision of the Acting Commissioner of Social Security denying her application for Child Insurance Benefits ("CIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Plaintiff applied for CIB on April 1, 2013, and for SSI on February 21, 2013, alleging a disability onset date of September 10, 2002. Tr. ("R."), pp. 17, 231-40. Plaintiff was eleven years old at her alleged disability onset date and was twenty-five years old at the time the

---

[1] The Court **DIRECTS** the **CLERK** to update Defendant's title on the docket in accordance with the caption of this Order, which is consistent with Defendant's brief. (Doc. no. 11, p. 1.)

Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 28, 217.

Plaintiff applied for benefits based on allegations of ADHD and mental retardation. R. 251. Plaintiff received a certificate of achievement from special education classes. R. 39, 252. Plaintiff participated in a vocational training program, but has never worked. R. 40, 251.

The Social Security Administration denied Plaintiff's application initially, R. 127-133, and on reconsideration, R. 134-140. Plaintiff requested a hearing before an ALJ, R. 141-42, and the ALJ held a hearing on June 14, 2016. R. 35-58. The ALJ heard testimony from Plaintiff, who appeared with counsel, as well as from Wendy Klamm, a Vocational Expert ("VE"). Id. On August 9, 2016, the ALJ issued an unfavorable decision. R. 17-28.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 10, 2002, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: borderline intellectual functioning and a personality disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: simple repetitive work with one, two, and three-step instructions; no direct dealing with the public; and only occasional dealing with coworkers; working mainly with things, not people. The claimant has no past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

> 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including hand packager, kitchen helper, and price marker (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from September 10, 2002, through August 9, 2016 (the date of the ALJ's decision) (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 19-28.

When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894

3

F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the ALJ failed to include in her RFC formulation and hypothetical question to the VE the following limitations opined by Dr. Adrian Janit despite giving great weight to his opinion: (1) Plaintiff's ability to respond appropriately to coworkers, supervisors, and the general public is probably limited moderately to markedly; and (2) Plaintiff's ability to withstand stresses and pressures associated with most work settings is probably limited moderately. Pl.'s Br., doc. no. 10, pp. 13-16; Pl.'s Reply, doc. no. 12; R. 461. As explained below, the ALJ appropriately incorporated all of Dr. Janit's opinions into her RFC formulation and hypothetical question to the VE. Therefore, none of Plaintiff's arguments form a valid basis

4

for reversal or remand.

### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(e). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to his past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### B. The ALJ Properly Considered All Impairments in Formulating Plaintiff's RFC.

Plaintiff contends the ALJ erred by not including a limitation regarding supervisor interaction. Pl.'s Br., pp. 13-16; Pl.'s Reply. However, the ALJ limited Plaintiff to "no direct dealing with the public; and only occasional dealing with coworkers; working mainly with

5

things, not people." R. 25. Such an RFC formulation necessarily accounts for Plaintiff's limitations in social interactions, including with supervisors despite not mentioning them specifically. See Brothers v. Comm'r of Soc. Sec., 648 F. App'x 938, 939 (11th Cir. 2016) ("The administrative law judge was not required to refer to supervisors when the residual functional capacity assessment and the hypothetical question included a restriction on [Plaintiff]'s social interaction in the workplace.").

Plaintiff argues she may require additional supervision and the ALJ failed to account for this requirement. Pl.'s Br., pp. 13-14; Pl.'s Reply, p. 4. However, Dr. Janit's opinion says nothing about her need for additional supervision, nor does the ruling cited by Plaintiff require such a limitation. See Titles II & XVI: Residual Functional Capacity for Mental Impairments, SSR 85-16, at *3 (S.S.A. 1985) (noting individuals with IQs below 80 *may* require more supervision than individuals with IQs above 80). Thus, the ALJ did not err by not including a need for additional supervision into Plaintiff's RFC.

In addition, while Plaintiff repeatedly asserts the ALJ's RFC formulation failed to take into account Plaintiff's "ability to withstand the stresses and pressures associated with most work settings" as detailed by Dr. Janit, (R. 461), she points to no specific limitation the ALJ should have included. Indeed, she cannot. The ALJ limited Plaintiff to "simple repetitive work with one, two, and three-step instructions; no direct dealing with the public; and only occasional dealing with coworkers; working mainly with things, not people." R. 25. Such limitations sufficiently account for Dr. Janit's opinion Plaintiff would be probably limited moderately in dealing with the stresses and pressures of the average work setting. See Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) ("[A]ny need to limit [Plaintiff]'s ability to concentrate, deal with stress, or maintain a regular schedule on the job—

6

opinions that [Plaintiff] argues are omitted from the ALJ's decision—is accounted for by the ALJ limiting her to simple tasks and unskilled work with little interaction with the public and supervisors."); Owens v. Colvin, No. 1:13-CV-01931-AJB, 2015 WL 5311078, at *13 (N.D. Ga. Sept. 11, 2015) ("[T]he ALJ adequately accounted for Plaintiff's inability to cope with stress by incorporating a limitation into the RFC that Plaintiff cannot perform fast-paced production work and limiting Plaintiff's contact with the public."); see also Sullivan v. Colvin, 519 F. App'x 985, 989 (10th Cir. 2013) ("[T]he ALJ's RFC determination that [Plaintiff] was limited to unskilled, supervised work with no regular public contact adequately addressed Dr. Hansen's medical opinion that [Plaintiff]'s gross mental status is within normal limits but that she is unable to tolerate stress due to her probable borderline personality disorder.").

In sum, the ALJ properly accounted for the limitations opined by Dr. Janit in formulating Plaintiff's RFC, and that RFC determination was supported by substantial evidence.

### C. The ALJ's Hypothetical Question to the VE Properly Accounted for All of Plaintiff's Limitations.

Plaintiff also argues the ALJ erred at the final step by posing a hypothetical question to the VE that failed to properly account for her supervisor and stress limitations. Pl.'s Br., p. 15. As explained below, substantial evidence supports the ALJ's finding that Plaintiff can perform the requirements of work as identified by the VE.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all

7

of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

> [W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Additionally, other circuits have held that hypothetical questions adequately account for these limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.

Id. at 1180; see also Lee v. Comm'r, Soc. Sec. Admin., 551 F. App'x 539, 541 (11th Cir. 2014); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013).

Here, Plaintiff argues that because the ALJ incorrectly omitted supervisor and stress limitations from her RFC, her hypothetical question to the VE was insufficient to establish other available work for Plaintiff at step five. Pl.'s Br., p. 15. However, the ALJ's RFC determination was supported by substantial evidence, as discussed in detail above, and it is clear the ALJ's hypothetical properly accounted for all those limitations.

The ALJ posed the following hypothetical:

If you had a hypothetical woman, assume that she's 24 years old with a Certificate of Achievement through Special Education Services and no past relevant work. Assume that she has mild limitations in activities of daily living, and assume moderate in social functioning and concentration, persistence, and pace. That she's been diagnosed with bipolar disorder, and again, has gone through school -- through special education curriculum. So, you would need a job that would have simple, repetitive, on, two, three-step instructions, no direct dealing with the public, only occasional interaction with coworkers, and deal mainly with things, not people. [No physical restrictions.]

R. 51. The VE opined those limitations would allow Plaintiff to perform three jobs that exist in

8

the national economy: hand packager, kitchen helper, and price marker. R. 52.

In her hypothetical, the ALJ included all the limitations she found Plaintiff to have in her RFC determination. R. 25, 51. As discussed, the ALJ's RFC determination is supported by substantial evidence. See *supra* Part III.B. In sum, in presenting her hypothetical to the VE, the ALJ properly included all limitations in Plaintiff's RFC, and the ALJ's step five determination was supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 12th day of June, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA